[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court rendered a judgment of dissolution in this matter on July 29, 1993. On August 16, 1993 the parties submitted an amended judgment in which both sides joined in and it was adopted by this court. On September 7, 1993 the defendant filed a motion CT Page 2784 for contempt claiming that the plaintiff failed to return all of the pre-marital property and to pay a delinquent Farmington Country Club bill. Two days of hearings were held by this court. Although there may have been a question of whether this court had proper jurisdiction over the plaintiff during the first day of the hearing, the issue was resolved by the appearance and testimony of the plaintiff on the second day this case was heard.
PRE-MARITAL PROPERTY
In anticipation of a possible problem concerning the property of the parties, especially what was purchased prior to this short marriage and what was purchased while the parties were married, the court attempted to establish a clear dividing line. In the memorandum of July 29, 1993 this court stated:
 "This court has reviewed the list submitted in the proposed orders by the plaintiff which asks for specific items in the 525 Waterville home. The court has compared that list to the property included in Exhibits 37 and 61. This court orders that all the property listed in Exhibit 61, pp. 4 and 5, will be the property of the defendant . . . . The plaintiff is to supply this court, within 14 days, a list of any property listed on pages 4 and 5 that is not presently in the home." (pp. 9-10).
No list of property missing was ever submitted to the court during the fourteen day deadline nor was anything addressed in the amended judgment. During the hearings the court focused the testimony on the property on the list only. The defendant testified that the following items on exhibit 61 were not returned to him:
 Miscellaneous Tools Chippendale Style Mirror Small Pembrook Table Pair of Round Gold Mirrors Primitive Pembrook Table Assortment of Glass Vases Small round, tilt-top, Table Three Sets of Andirons Fireplace Tools Two Low Boys Small Chest CT Page 2785 Three Miniatures Small Chest in guest bath Rep. Wood Framed Mirror Rep. Wood Framed Mirror (smaller) Small Oval Mirror Misc. Brass Candle Sticks Decorative Accessories Misc. Kitchen Equipment Misc. Casual Service Pieces New China Floor Vase New Small Oil of Flowers Oil of Still Life Fruit Oil of Saint Tropez by Penschascoff Oil (small) of red and white roses by Kulick
During the hearing, the defendant testified as to the value of the missing items from actual purchase invoices, his recollections of cost of purchase and some price comparisons with comparable items in antique galleries. This court in arriving at a value of the missing property weighed the subjectiveness of worth. As noted by the defendant in his brief, the Connecticut courts have consistently recognized that a party may testify to the value of their own property. See Sachs v. Sachs, 22 Conn. App. 410
(1990).
During the hearing, the plaintiff submitted no credible written evidence to rebut the testimony of the defendant as where the missing items were or their value. At best, the plaintiff, when she testified, offered a string of incredulous excuses that are not found to be factual by this court. In examining the totality of the actions of the plaintiff in this matter, this court can identify a consistent pattern of half-truths, whole un-truths, partial and total amnesia and downright incredibility. Consistent with the plaintiff's previous conduct, it is the court's finding that the plaintiff either kept the items in her possession or sold them contrary to this court's orders.
In this court's initial decision, the plaintiff was ordered to pay the delinquent Farmington Country Club bill. This court finds that the bill is still outstanding.
Therefore, this court finds the plaintiff in contempt of court. In arriving at the value of the missing property this court assigns a value of $49,000. While the defendant testified as to the value being $130,000 this court finds that to be excessive. CT Page 2786 The court will enter the following orders:
1. That the $49,000 due to the plaintiff by the defendant be used as an offset of any property not given by the plaintiff to the defendant.
2. That the plaintiff pay in full the delinquent Farmington Country Club bill.
3. That any and all property listed in this decision in the custody of plaintiff's counsel be turned over to the defendant immediately.
4. That the plaintiff pay within 30 days to the defendant $5,000 counsel fees for the cost of bringing this motion for contempt. If the fee is not paid plaintiff will be subject to contempt mittimus for a $5,000 cash bond only.
Norko, J.